Sanger, Camp *et al.*, Appellants, *v.* Isabella Fincher, Administratrix of John Fincher, Appellee.

APPEAL FROM ST. CLAIR.

A contracted with B for a quantity of lumber and cross-ties. He then put B in possession of a saw-mill, and took a bond from B and C, conditioned for the return of the mill, upon the completion of the contract. A failed to pay for the cross-ties and lumber, and B failed to return the mill. *Held,* that in an action by B for the price of the lumber, A could recoup for the damages, arising from the breach of the condition of the bond.

Where the defendant attempts to recoup, for unliquidated damages, these damages must relate to the transaction, out of which the controversy has arisen.

B recovered a judgment against A, and subsequently died. A filed a bill against the administratrix, alleging that damages had accrued to him by reason of a breach of the condition of a bond executed by B and C, relating to the same matter for which the judgment had been obtained; but he failed to state whether the breach of the bond had occurred before or after the commencement of the action by B. *Held*, that the bill was demurrable, because it did not show but that the complainant had an ample remedy at law, by recouping his damages on the trial of B's action.

A party having an opportunity to interpose his defense at law, is estopped from seeking relief in equity, unless he can show that he was prevented by unavoidable accident, mistake or fraud.

APPELLANTS filed their bill against appellee, alleging, that on 1st September, 1853, they entered into a written agreement with John Fincher, by which he agreed to deliver and saw for complainants a large quantity of cross-ties and lumber, and was furnished by them and put in possession of a circular saw-mill of about the value of $2,000, to be surrendered by Fincher at the completion of said contract, in the same condition, to said complainants, for the surrender of which mill the said Fincher and one Wm. J. Scott, on the same day, entered into a bond with complainants, in the sum of $2,000. They allege that the mill was not surrendered, but clandestinely and fraudulently removed by said Fincher, and finally destroyed by explosion; that Fincher, when complainants were about to sue him for the recovery of said mill, died, wholly insolvent. Fincher, in his lifetime, had commenced a suit against complainants for a pretended balance for lumber delivered; on his death, Isabella Fincher, his administratrix, defendant to this bill, was substituted, and at the March term, 1860, of St. Clair Circuit Court, a judgment was obtained by said Isabella against complainants for five hundred and thirty-seven dollars and costs, which judgment was most unjust, but which they do not question now. But Fincher, in his lifetime, and his estate afterward, were all the time largely indebted to complainants for the abstraction of said mill, and said indebtedness is still unsatisfied, and much exceeds the amount of the judgment recovered against the complainants. Nor is there any remedy on the security on the bond, the said Scott being also insolvent.

Bill avers the issuing of an execution by said Isabella, to sheriff of Cook county, against the property of two of the complainants, Henry A. Clark and Hart L. Stewart, prays for an injunction, etc., etc.

To this bill the defendant filed a demurrer, which the court sustained, dismissing the bill and dissolving injunction. Complainants appeal from this decision, and assign as error, that

the court sustained the demurrer and dismissed the bill, and dissolved injunction.

GUSTAVUS KŒRNER, for Appellants.

JEHU BAKER, for Appellee.

WALKER, J. The first question presented by this record, is, whether the damages arising from a breach of this contract can be recouped, in an action upon the agreement. It is urged, that inasmuch as complainants held the obligation of intestate and Scott, for the return of the mill in the same condition, that damages resulting from a failure to return it, according to the agreement, could not be set off against a recovery for the price of the ties by Fincher. The answer to this position is manifest when we consider, that by our statute all bonds executed by several obligors are made joint and several. Upon the occurrence of a breach, the obligees might have maintained either a joint or a several action upon it, at their option. It then follows, that if complainants might have recovered on this bond against Fincher alone, for a breach, they had the undoubted right to recoup such damages, in the suit at law by Fincher, for a recovery of the price of the ties, if they were of such a character as is authorized in our statute.

But it is, however, urged that these damages were unliquidated. Our statute seems to make no distinction, as it allows a set off of claims or demands. It has not limited the right to liquidated claims or demands, and that damages for a breach of the condition of the bond, was a claim or demand, there can be no question. That the claim or demand should relate to the transaction out of which the controversy has grown, where the damages are unliquidated, seems to be the construction placed upon the act. It was held by this court, that unliquidated damages arising out of the same transaction, may be set off under the statute. *Edwards* v. *Todd*, 1 Scam. 462; *Nichols* v. *Ruckells*, 3 Scam. 300; *Kaskaskia Bridge Co.* v. *Shannon*, 1 Gilm. 15. The language of our statute is different from the British act, and the adjudications under their statute, are not authority under ours. We regard the cases referred to, as decisive of this question.

It was insisted upon the trial, that it fails to appear that the alleged breach of the condition of the bond occurred before the suit at law was instituted by Fincher. The complainants when they filed their bill, undertook to show such a case as entitled them to the relief sought. The bill alleges, that there

had been a breach, but whether before or after the institution of the suit at law does not appear. For aught that appears in the bill, the damage had been sustained before the suit was instituted at law, and if it was, then complainants had a complete remedy in that action by setting it off against that recovery. In the absence of an allegation to the contrary, it must be inferred, that the breach had occurred before that action was commenced, as the complainants have certainly presented all the facts which entitle them to relief. If the breach had been subsequent to bringing that suit, it would no doubt have been alleged. But even if that would have entitled them to the relief sought, which we by no means admit, in the absence of such an allegation, the complainants are not entitled to relief.

Having failed to avail themselves of their defense at law, a court of equity will not interpose to afford such relief. A party having an opportunity to interpose his defense at law, is estopped from seeking relief in equity, unless he can show that he was prevented doing so by unavoidable accident, mistake or fraud. It is the policy of law to end strife, and when parties have had an opportunity in a court to fully and fairly present their claims, and fail to do so, they are barred from resorting to a different tribunal for relief.

For the want of equity on the face of this bill, the court below did right in sustaining the demurrer, and dismissing the bill, and the decree is affirmed.

*Decree affirmed.*