# JOHN J. DE FORREST

*v.*

# JESSE ODER.

1. NEW TRIALS — *verdict against the evidence.* When there is no more than a mere doubt, whether the finding of the court is correct, it will not be disturbed. Before such finding will be disturbed, because it is not sustained by the testimony, it must appear that the evidence is insufficient.

2. DEMURRER — *to plea when sustained.* When a plea averred that plaintiff was indebted to defendant, in the sum of one thousand dollars, for pasturage, furnished at plaintiff's request, and for the price of five mules belonging to defendant, and placed in the hands of plaintiff to be properly kept and cared for, but which plaintiff, in disregard of his duty, and in consequence of his negligence, permitted to stray away, and were thereby lost to defendant, which he offers to set off: *Held*, such a plea is bad on demurrer.

3. SET-OFF — *unliquidated damages.* Unliquidated damages which do not grow out of the contract or cause of action sued upon, are not a proper subject of set-off. To authorize such damages to be recouped or set off, they must grow out of the transaction upon which the suit is brought, and a plea which does not contain an averment that they had so arisen is obnoxious to a general demurrer.

APPEAL from the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was an action of assumpsit, brought by Jesse Oder, in the Sangamon Circuit Court, against John J. De Forrest. The declaration contains the common counts. Defendant filed these pleas: first, non-assumpsit; second, a special plea that plaintiff leased defendant a farm, with the privilege of an orchard and pasturage for five cows, and, in consideration of $125 paid to plaintiff, he agreed to keep up the fences, to keep and care for all stock defendant might place on the farm for pasturage during the continuance of the lease; that plaintiff entered into possession, and defendant placed in his care a lot of mules to be kept under the agreement; that for the want of care five of the mules, worth $140 each, escaped and were lost, which he offers to set off against plaintiff's demand.

The third plea avers an indebtedness from plaintiff to defendant of $1,000, for pasturage, and the price of five mules, lost through the negligence of plaintiff, which defendant offers to set off against plaintiff's demand. Issue was joined on the first and second pleas, and a demurrer was filed to the third, which was sustained by the court.

A trial was subsequently had by the court, a jury having been waived by agreement of the parties. The court found the issues for the plaintiff, and assessed the damages at $489.50. Defendant thereupon entered a motion for a new trial, which was overruled, and judgment rendered according to the finding; to reverse which defendant prosecutes this appeal, and brings the record to this court.

Messrs. McClernand, Broadwell & Springer, for the appellant.

Messrs. Stewart, Edwards & Brown, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

It is first insisted, that the finding of the court below is manifestly against the evidence, and the judgment should for that reason be reversed. After a careful examination of the testimony, we fail to arrive at that conclusion. There is no doubt some conflict, and there may be some doubt of the correctness of the finding, but we are inclined to the opinion that the evidence sustains the verdict. This court will not reverse, because the verdict is against the evidence, unless it is so clearly so that we must believe that the result would and ought to be different, on another trial by a jury. When we can see that the finding should have been different, and that a new trial would have that result, the court will not hesitate to reverse for that reason. But, when we have examined all of the evidence, and fail to see that the verdict is wrong, and only have doubts as to its correctness, the court never interferes. And in this case, that evidence, at most, but creates doubt.

It is again urged, that the court erred in sustaining a demurrer to appellant's third plea. It averred that appellee was before, and at the time when the suit was brought, indebted to appellant in the sum of one thousand dollars for pasturage, before that time, furnished at appellee's request, and also for the price and value of five mules, belonging to appellant, and placed in the hands of appellee for a consideration paid, and to be paid, to be properly kept and cared for, but which were permitted by appellee, in disregard of his duty, and by reason of his negligence, to stray off, and were thereby lost to appellant, which sum of money he offers to set off against the demand of appellee.

This plea is substantially defective in several particulars. It is bad for uncertainty. There is no averment of what is meant by pasturage. Whether for horses, cattle, mules, sheep or hogs. Whether it was still due and owing when the plea was filed or not does not appear, and there is no averment that it was still due and unpaid. From aught that appears, the plea might be true, and still appellee may have paid the money after the suit was brought and before the plea was filed. Again, it does not appear what portion of the thousand dollars was due for pasturage and what for the loss of the mules. And the plea is defective in offering to set off unliquidated damages, growing out of a breach of contract, without showing that it grew out of and was a part of the contract sued upon. Such damages arising out of covenants, contracts or torts not connected with the subject matter of the suit, do not constitute the subject matter of a set-off, under our statute. *Hawks* v. *Sands*, 3 Gilm. 227. There is no averment in this plea, that the damages claimed for the loss of the mules were in any way connected with the matter for which appellee had brought his suit. There was therefore no error in sustaining the demurrer to this plea, and the judgment of the court below must be affirmed.

*Judgment affirmed.*