## HENRY J. EAST

### *v.*

## OLIVER W. CROW.

1. BURDEN OF PROOF. Where the plaintiff seeks to recover under the terms of a verbal lease of land to the defendant, the burden of proof lies on the plaintiff to prove the terms of leasing as alleged by him. If the evidence does not preponderate in his favor, or is equally balanced, the issue should be found for the defendant.

2. SAME—*of set-off, is on defendant.* The burden of proof is on the defendant, in respect to any set-off claimed by him, and he must establish the existence and validity of his set-off by a preponderance of evidence.

3. SET-OFF—*what may be.* Demands for work and labor performed, board, goods sold and delivered, and for money, etc., are not unliquidated damages, and may be set off in an action *ex contractu,* whether they arise out of the subject matter of the plaintiff's suit or not.

4. INSTRUCTION—*where there is no evidence upon which to base it.* It is not error to refuse an instruction based upon a state of fact of which there is no evidence.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Messrs. CAMERON & McDOUGALL, for the appellant.

Mr. S. W. HARRIS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action by attachment, brought in the circuit court of Grundy county, by Henry J. East against Oliver W. Crow, on the 2d day of December, 1870, to recover $175.

The defendant filed pleas of general issue and set-off. At the November term, 1872, the cause was tried, and the jury returned a verdict in favor of defendant for the sum of $86.73. The plaintiff appealed, and insists on a reversal of the judgment on three grounds:

*First.* Because the court gave defendant's first instruction.

*Second.* For the reason that the court refused to give plaintiff's third instruction.

*Third.* Because the verdict is against the evidence.

It appears, from the evidence, that the plaintiff rented a farm to the defendant, from the 1st of March, 1870, to the 1st of March, 1871, by a verbal lease, and the controversy in this case grew out of a dispute as to the terms on which the farm was rented, and a long string of accounts each held against the other, arising under the lease and from their mutual dealing while the relation of landlord and tenant existed.

The instruction given for defendant, to which exception is taken, is as follows:

"The jury are instructed that the terms of the leasing of the plaintiff's farm to defendant are material in this suit, and that the plaintiff must prove, to the satisfaction of the jury, by a preponderance of evidence, that the terms of said leasing were such as plaintiff claims them to be; and if the jury shall find that the evidence preponderates, in the slightest degree, in favor of the defendant, or is equally balanced, then the law is for the defendant, and plaintiff can not recover."

The objection made to this instruction is, that it told the jury that plaintiff was bound to disprove the set-off of the defendant by a preponderance of evidence. If that was the correct construction to be placed upon it, the objection would, no doubt, be well taken; but no jury of ordinary intelligence would ever place such a construction on the instruction. The effect of the instruction, and the only reasonable interpretation that can be given it, is, that, so far as the plaintiff's account was concerned, the burden of proof was upon him. If, however, there was any doubt in regard to the jury being misled by this instruction, a reference to the first instruction given for the plaintiff will entirely remove that doubt. It reads as follows:

"The jury are instructed that as to the off-set made by defendant, Crow, to the claim set up by the plaintiff, the burden of proof is on said defendant, and that he must establish the existence and validity of such off-sets by a preponderance of evidence."

These two instructions, taken together, fairly give the law, so far as the burden of proof was concerned, to the jury, and they could not be misled upon that question.

The second point relied upon is, the court refused to give plaintiff's third instruction, which reads as follows:

"The jury are instructed that if they believe, from the evidence, that the defendant has any valid demands against the plaintiff, interposed in this suit by way of set-off, but that such demands have never been liquidated, or the amount thereof settled upon and determined, then the jury will disregard such demands in this suit, unless the jury further believe, from the evidence, that such demands grew out of the subject matter or claims upon which plaintiff's suit is brought."

In support of this instruction, we are referred to two cases, *De Forrest* v. *Oder*, 42 Ill. 500, and *Robison* v. *Hibbs*, 48 Ill.

408. In the first case *supra,* all that is decided is, unliquidated damages, arising out of covenants, contracts or torts, and not connected with the subject matter of the suit, can not be set off under the statute.

In the second case, it is held that unliquidated damages growing out of a tort, could not be set off in an action *ex contractu.*

These decisions do not sustain the position taken by the plaintiff, nor the instruction refused. There was no evidence in the case upon which to base the instruction. The items of set-off in defendant's account, were not unliquidated damages arising out of a breach of contract, covenant or tort. They were for work, labor performed, board, goods sold and delivered, and money, etc. These items were a proper subject of set-off, and it would have been erroneous for the court to have given the instruction.

The last point relied upon is, that the verdict is against the evidence. Upon a careful examination of the testimony, we have not been able to arrive at that conclusion. The evidence is conflicting, and there may be some doubt as to the correctness of the finding; but on the whole we are not prepared to say the jury did not arrive at a correct conclusion.

This court will not reverse because the verdict may be against the evidence, unless it is apparent that, upon another trial before a jury, the result would be different, and where there is as much conflict in the evidence as this record discloses in this case, it would be mere conjecture to say another jury would find differently.

Perceiving no error in the record, the judgment will be affirmed.

*Judgment affirmed.*