ERASMUS D. HARTSHORN ET AL.

v.

THOMAS B. KINSMAN.

UNLIQUIDATED DAMAGES—SET-OFF.—Unliquidated damages which do not arise out of the contract or cause of action sued on, are not a proper subject of set-off.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.    Opinion filed August 7, 1885.

Messrs. KAY & EUANS, for appellants; as to set-off, cited Hawks v. Lands, 3 Gilm. 232; Edwards v. Todd, 1 Scam. 462; Nichols v. Ruckells, 3 Scam. 298; McEwen v. Kerfoot, 37 Ill. 530; Springdale, C. A. v. Smith, 32 Ill. 253; King v. Bradley, 44 Ill. 342; Derby v. Gage, 38 Ill. 30; Freibroth v. Mann, 70 Ill. 526; Zuckerman v. Solomon, 73 Ill. 130.

Messrs. DOYLE, MORRIS & PIERSON, for appellee; as to set-off, cited Sanger v. Fincher, 27 Ill. 346; Babcock v. Trice, 18 Ill. 422; Waterman v. Clark, 76 Ill. 430; Hawks v. Lands, 3 Gil. 232; Sargeant v. Kellogg et al., 5 Gil. 280; Bush v. Kindred, 20 Ill. 95; Evans v. Hughey, 76 Ill. 115.

WELCH, J.    On 8th day of January, 1884, appellants sued appellee before a justice of the peace, upon a promissory note and account.    The note was given in part for an account and for the interest that had accrued upon a note, and which was all that remained unpaid upon a note executed by appellee to appellants for the purchase of a self-binding harvester.    While this suit was pending, appellee sued the appellants for a breach of the warranty made by appellants on the purchase of the self-binding harvester.    Summons was served on the appellee in the suit brought by appellants against him, and he failed to appear, but made default, and judgment was rendered in that suit in favor of appellants for the sum of fifty-

one dollars and ninety-three cents. A credit of seventeen dollars and seven cents was allowed by appellants on their claim against appellee for damages on breach of warranty. Appellee was not present when it was done. It is insisted by appellants that under section 49 of chapter 74, Revised Statutes, it was the duty of the appellee to bring forward in this suit against him his claim for damages, arising out of any breach of the warranty of the harvester, and that he having failed to do so, is debarred from suing thereon. If this position of appellants is tenable, it is decisive of this case. We have given to the authorities referred to in the briefs of appellants and appellee a careful consideration, and we find that there is an apparent conflict in the decisions of our Supreme Court upon the subject. We are, however, of the opinion that this conflict is more apparent than real, and that it arises from some unguarded expressions where the distinction between set-off and recoupment seems to have been ignored and the terms used synonymously. The Supreme Court say, in Hawks v. Lands, 3 Gilman, 227, that " the cases of Elwards v. Todd, 1 Scammon, 462 and Nichols v. Ruckells, 3 Scammon, 298, have only gone the length of deciding that damages arising out of the contract on which the suit is brought are properly the subject-matter of set-off in such suit." And it is held in the same case that unliquidated damages arising out of covenants, contracts or torts, totally disconnected with the subject-matter of the plaintiff's claim, are not such "claims or demands " as constitute the subject-matter of set-off under our act of assembly. " In case of Surgeant v. Kellogg et al., 5 Gil. 273, it was *held*, that under the statute of this State unliquidated dama·es arising out of contracts, express or implied, may be set off in actions *ex contractu*. This can not be done where the claim for unliquidated damages is totally disconnected with the plaintiff's cause of action. The same question that is made in this case was before the Supreme Court in Bush v. Kindred, 20 Ill. 93. The declaration in that case contained special counts for damages claimed as growing out of a breach of contract, and the common counts in the usual form, to which the defendant

filed several pleas. The fifth plea was that the defendant, before this suit was instituted, had sued the plaintiff before a justice of the peace and recovered a judgment against him, and that the cause of action in this case then existed, and could have been set off in that trial, and failing to do so, that that judgment was a bar to this action.

The court say, " It was urged that this cause of action was barred by the plaintiff having failed to set off the damages claimed in the suit between the same parties before the justice of the peace. The claim is for unliquidated damages growing out of a breach of contract between the parties; that suit was upon claims apparently totally disconnected with this contract, and if the damages claimed in this action were proper as a set-off before the justice, there can be no case in which unliquidated damages growing out of a breach of covenant, contract or tort, could not be set off. It is manifest the legislature never intended to confer such jurisdiction upon justices of the peace." In Sanger, Camp et al. v. Fincher, adm'x, etc., 27 Ill. 346, Justice Walker in his opinion says, " But it is, however, urged that these damages were unliquidated. Our statute seems to make no distinction, as it allows a set-off of claims or demands. It has not limited the right to liquidated claims or demands. That the claim or demand should relate to the transaction out of which the controversy has grown, where the damages are unliquidated, seems to be the construction placed upon the act." In Springdale Cemetery Association v. Smith et al., 32 Ill. 258, it was announced that if damages sustained by the defendant by reason of non-compliance with the contract on the part of the plaintiff, exceed the amount which the plaintiff would otherwise be entitled to recover, the defendant may recover such excess in the same action. In De Forrest v. Oder, 42 Ill. 500, it was held that unliquidated damages which do not grow out of the contract or cause of action sued upon are not a proper subject of set-off. To authorize such damages to be recouped or set off, they must grow out of the transaction upon which the suit is brought. In East v. Crow, 70 Ill. 91, the set-off was for work and labor done, goods sold and delivered, money lent, etc., and not for unliquidated damages.

From the foregoing authorities we deduce the rule that un-liquidated damages which do not arise out of the contract or cause of action sued on, are not a proper subject of set-off; they must arise out of the transaction upon which the suit is brought.

Applying the rule to this case, the plaintiff was not required to bring forward his claim for damages in the suit brought by the appellants against him, and is not, therefore, barred from bringing this suit, the appellee's claim not arising out of the contract or cause of action upon which he was sued by the appellants.

It is further insisted that the judgment is for too much. The verdict was rendered the 26th day of November, 1884, for the sum of one hundred and fifty dollars. Motion for new trial, which was not disposed of until March 11, 1885, and judgment entered on that day for one hundred and fifty-two dollars and sixty-two cents, which was the amount of the verdict, with six per cent. interest thereon from the time it was rendered. This was clearly authorized by section 3, chapter 74, Revised Statutes. "When judgment is entered upon any award, report or verdict, interest shall be computed at the rate of six per cent. from the time when made or rendered to the time of rendering judgment on the same and made a part thereof."

Finding no substantial error in this case it is affirmed.