# JACOB WEAVER

## v.

# WALTER H. PENNY.

1. UNLIQUIDATED DAMAGES.—Where the claim or demand for unliqui-
dated damages relates to the transaction out of which the controversy has
grown, it forms a proper subject-matter of set-off or affirmative recovery by
way of cross-action.

2. PLEADING.—In such case, unless a plea of set-off is interposed or notice
given under the general issue or plea of payment, there can not be in the
absence of a stipulation, a recovery by a defendant for an excess of indebted-
ness in his favor, but he may even then, under the general issue, recoup to
the full extent of the plaintiff's damages without such plea or notice or
stipulation.

3. DAMAGES.—SALE OF DISEASED SHEEP.—Where a vendor at the time
he sold certain sheep did not know that they were diseased, and had no notice
or knowledge that they were to be placed where they would come in contact
with cattle, it was error to instruct that the vendee could recoup for the
loss of the cattle. Such damages were not reasonably within the contempla-
tion of the parties.

APPEAL from the Circuit Court of Henderson county; the
Hon. A. A. SMITH, Judge, presiding.    Opinion filed December
4, 1885.

Mr. J. W. DAVIDSON, Mr. R. J. ADCOCK and Mr. W. C.
NORCROSS, for appellant.

Messrs. STEWART & STEWART and Mr. R. COOPER, for
appellee.

BAKER, P. J.    This suit was on a promissory note given by
appellant to appellee, for the price of some two hundred sheep
sold by the latter to the former. The defense made, was
that the sheep were warranted to be sound and free from
disease ; that they were, in fact, diseased, and many of them
died ; and that they communicated the disease to a herd of
short-horn cattle, resulting in the death of several of the cat-
tle. Appellant claimed damages for breach of the warranty,

and sought to recoup or set off such damages.   The verdict was for the appellee for the full amount of the principal and interest unpaid on the note.

In the case of Hartshorn v. Kinsman, 16 Bradwell, 555, we had occasion to examine and discuss the decisions in this State bearing upon the question of the right to recover unliquidated damages by way of set-off; and from these decisions we deduced the rule that unliquidated damages which do not arise out of the contract or cause of action sued on, are not a proper subject of set-off; but that where the claim or demand for unliquidated damages relates to the transaction out of which the controversy has grown, then it forms a proper subject-matter of set-off or affirmative recovery by way of cross-action.

In such latter case, unless a plea of set-off is interposed, or notice is given under the general issue or plea of payment, there can not be, in the absence of a stipulation, a recovery by a defendant for an excess of indebtedness in his favor; but he may even then, under the general issue, recoup to the full extent of the plaintiff's damages, without such plea or notice or stipulation.   In this case, a stipulation was made at the trial, that all evidence proper to be given to the jury under any proper special plea, might be given under the general issue.   In view of this agreement, it follows that the rulings of the trial court upon the instructions, to the effect, in substance, that appellant could not recover an affirmative judgment against appellee for damages occasioned by a breach of the contract of warranty, but could only recoup to an amount not to exceed the plaintiff's claim for principal and interest upon the note, were incorrect. We think, however, it was not such error as should reverse the judgment, as the record shows appellant was not injured thereby.

He claimed he was damaged by the breach of the warranty to a sum in excess of that due upon the note; and the court held he could recoup to the extent of the note, but could not recover any excess.

The verdict of the jury was for the full amount of the note and interest, and necessarily involved a finding by them that ap-

pellant was entitled to no damages for the supposed breach of warranty. The jury evidently did not believe that any portion of the counter-claim or demand was established.

The instructions were, in one regard, more favorable to appellant than was his just due. There was evidence before the jury tending to show that the sheep in question had been placed in a pasture along with cattle, and that some of these cattle had died from disease communicated by the sheep. The instructions allowed appellant to recoup for the loss of these cattle, even if the vendor, at the time he sold the sheep, did not know they were diseased and had no notice or knowledge they were to be placed where they would come in contact with cattle. Such damages were not reasonably within the contemplation of the parties. The vendor would not be liable for such consequential losses, except in cases of willful fraud and deceit, or of notice that it was intended to put the sheep with other stock. Hadley v. Baxendale, 9 Exch. 341 ; Field's Law of Damages, Sec. 288, and authorities there cited.

The rulings of the court upon the instructions, otherwise than as noted, were substantially correct.

In respect to the merits of the controversy, the evidence was conflicting as to whether or not the sheep were unsound or diseased at the time of the sale ; it was for the jury to determine that question, and we are unable to say their finding was so against the weight of the evidence as to justify a reversal.

The judgment of the circuit court is affirmed.

Affirmed.