| 50  301
| 64  384

# The Lake Superior Mineral Land Development Co. v. Clapp.

1. PLEADING—*Partial and Total Failure of Consideration.*—A partial failure of consideration can not be shown under a plea of a total failure.

2. NOTICE—*Under the General Issue.*—A notice under the general issue of the failure of the consideration of a note sued on, which does not show what the consideration of the note was, is not sufficient.

3. SET-OFF—*Unliquidated Damages.*—Unliquidated damages can be set off to a cause of action upon a promissory note only when the cause of action grew out of the same subject-matter in which the note had its origin.

**Memorandum.**—Action of assumpsit. Declaration on a promissory note. Plea of general issue with notice, etc. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.

Heard in this court at the March term, 1893, and affirmed. Opinion filed July 12, 1893.

The statement of facts is contained in the opinion of the court.

RUNNELLS & BURRY, attorneys for appellant.

APPELLEE's BRIEF, M. C. HARPER AND F. C. MATHEWS, ATTORNEYS.

Appellee contended that the claim was for unliquidated damages growing out of matters wholly disconnected with appellee's claim and therefore not proper subject of set-off. Hawks v. Lands, 8 Ill. 227; De Forrest v. Oder, 42 Ill. 500; Clause v. B. P. P. Co., 118 Ill. 612; Hartshorn v. Kinsman, 16 Brad. 555.

If appellee and Coffman are liable at all to appellant, they are liable jointly with French, and hence the claim can not be set-off in this action. Burgwin v. Babcock, 11 Ill. 28; Hilliard v. Walker, 11 Ill. 644; Coates v. Preston, 105 Ill. 470.

OPINION OF THE COURT, GARY, P. J.

This is a suit upon a promissory note for $508.12, made by the appellant to one W. S. Coffman, and indorsed by him.

The appellant filed, under the general issue, notice of defense as follows:

" The plaintiff will take notice that on the trial of this cause the defendant will give in evidence and insist that the plaintiff acquired the note upon which this suit is brought, from the payee therein, W. S. Coffman, after the maturity of said note, and after the defendant had refused to pay it. That at the time of the transfer of said note to the said plaintiff, and ever since, the said Coffman was indebted to the defendant in the sum of one thousand dollars ($1,000) for expenses incurred in litigation arising from transactions in connection with which the alleged promissory note was delivered to said Coffman, and that said plaintiff was also

indebted to the defendant in a like amount on the same account. That said defendant was organized under the laws of the State of Illinois, in October, 1887, and that one French, said Coffman and said plaintiff were directors thereof, and constituted a majority of the board of directors. That in the latter part of 1887, said Coffman, who was also treasurer of said defendant, collected from the stockholders of said company over eleven thousand dollars ($11,000) with which to purchase certain mineral lands on the north shore of Lake Superior; that previous to the purchase of said lands an option had been taken upon said lands by said French, and the right to said option was held by him for the benefit of said defendant. That the option on said lands provided that the price thereof should be one dollar ($1) per acre; and there were over eleven thousand acres included in said option. That said French, Coffman and plaintiff represented to the stockholders of said company that they would transfer and have conveyed to said company all of said eleven thousand acres in exchange for said eleven thousand dollars. That said Coffman took said money to Port Arthur, near where said lands were situated for the purpose of purchasing the same for said defendant company; that thereupon said French, Coffman and plaintiff entered into a scheme to defraud said defendant; that the title to all of said lands was taken in the name of said French, who was then to transfer the same to said defendant; that in pursuance of said scheme, said French conveyed to said defendant only about eight thousand (8,000) acres of said lands, and kept in his own name over three thousand (3,000) acres thereof; the said French then conveyed an undivided one-third interest in said three thousand acres to said Coffman, and another undivided one-third interest therein to said plaintiff, and reserved to himself an undivided one-third interest. The said Coffman thereupon paid to the party from whom said lands were purchased over eleven thousand dollars ($11,000) therefor, being at the rate of one dollar per acre for the lands it was agreed should be conveyed to the defendant. That said French, Coffman and plaintiff

never paid anything for the three thousand acres of land so reserved for themselves.

That afterward the said defendant discovered the fraud upon it and demanded of said French, Coffman and plaintiff that they immediately convey to it said three thousand acres, which, however, they refuse to do so.

That said Coffman resigned his position as treasurer of the company, and presented to said defendant an account of his office as treasurer of said company, by which it was made to appear that the defendant was indebted to said Coffman in the sum of five hundred and eight dollars and twelve cents ($508.12); that relying upon the representations of said Coffman, that he had dealt fairly by said defendant, and had properly expended money coming to his hands, and had acted in good faith toward it as a director and officer, said company executed the promissory note upon which suit is brought in this case.

That when said French, Coffman and plaintiff refused to transfer the said three thousand acres to defendant, said defendant brought suit against them to compel the transfer to it of said property; that after the beginning of said suit said Coffman and plaintiff conceded that they were in the wrong, and conveyed to this defendant their interest in said three thousand acres, but that said French refused to do so; that defendant was thereupon forced to prosecute said suit to compel the conveyance to it of said lands, which suit was brought in the High Court of Justice for Ontario, Canada, sitting at Port Arthur, and in which suit a decree was finally entered transferring said three thousand acres to this defendant. That in and about said suit, this defendant was forced to lay out and expend large sums of money, to wit, more than the sum of $1,000, to compel the transfer to it of said lands which had been so improperly and fraudulently withheld from it by its former directors, French, Coffman and plaintiff.

That as above stated, said note on which this suit is brought, was given in the belief, on the part of the defendant, that said Coffman had acted fairly and according to his

duties as an officer and director of defendant, in all his dealings with defendant, but that said Coffman did not properly discharge his said duties, and through his negligence and fraud and through the fraud of said plaintiff against the defendant in the matter hereinbefore related, defendant was put to great expense and laid out divers large sums of money to correct the wrongdoings of said Coffman and plaintiff, whereby the consideration for said note wholly and entirely failed, and said note became and was void and of no effect.

That said plaintiff was cognizant of and participated in all of the wrongdoings and fraud hereinbefore charged against said Coffman, and disregarded his duties as an officer of said company, and thereby became responsible and liable to said company for such wrongdoing, to a large amount, to wit, more than the sum of one thousand dollars ($1,000).

That included in said account, presented by said Coffman, were large amounts claimed by him as salary, to which he claimed to be entitled, on the ground that he rendered good and faithful services to defendant, which is now denied.

On the trial of this case the defendant will set off and allow to the plaintiff, against any demand on his part proved on such trial, so much of said sums of money due from him or from said Coffman to the defendant corporation, as will be sufficient to satisfy and discharge such demand; and the defendant asks judgment in its favor for any balance found due it from said plaintiff on the merits set forth herein."

The court refused to admit evidence under the notice, and the appellant excepted.

The question is, whether the notice sets up a defense.

The misconduct of the payee, and consequent expense to the appellant, is presented both as an entire failure of consideration, and as a set-off.

Now, conceding that the alleged misconduct was a bar to any claim by Coffman for salary, it would not be a discharge of the company from any claim he might have on other grounds. The notice states that the account he presented,

showed an indebtedness to him of the amount of the note and that included in the account, "were large amounts claimed by him as salary." How large? as much as, or more than the note? or one-half or one-fourth as much? Did, in fact, anything on account of salary go into this note? The notice does not tell. A partial failure of consideration can not be shown under a plea of total failure. Wadhams v. Swan, 109 Ill. 46.

As the notice does not show what was the consideration of the note, it is impossible that it should show that the consideration has failed, wholly or partially. Parks v. Holmes, 22 Ill. 522.

The same objection applies to the notice if treated as a notice of set-off. The alleged misconduct of Coffman might be a cause of action, in an action on the case, or possibly in assumpsit, as a breach of an implied promise to faithfully serve, but in either case the action would be for unliquidated damages, which could be set-off only if that cause of action grew out of the same subject-matter in which the note had its origin, as in McEwen v. Kerfoot, 37 Ill. 530; see De Forrest v. Oder, 42 Ill. 500.

For aught that appears by the notice, the note may have been given for any imaginable consideration. The statement in the notice that the claim of the appellant was "from transactions in connection with which" the note was delivered, is too vague for any purpose.

The judgment is affirmed.