## South Chicago City Ry. Co. v. Benjamin H. Workman, for the use of Jennie Moore.

1. GARNISHMENT—*Amount of Recovery.*—An attaching creditor can not be allowed to recover from the garnishee more than the debtor himself could have recovered.

2. SET-OFF—*In Actions for Wages.*—In an action for wages, the defendant may set off damages sustained by him through the negligence of the plaintiff, in his employment, and may have judgment for a balance due him.

3. SAME—*Unliquidated Damages.*—The fact that damages are unliquidated is no obstacle to setting them off when they accrue out of the same subject-matter as the demand against which they are offered.

**Attachment Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed June 1, 1896.

OSBORN & LYNDE, attorneys for appellant.

CARPENTER BROTHERS, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case was tried by the court without a jury, and the question of law in the case is whether the court erred upon propositions of law presented to it by the appellant. As to the pertinency of such propositions on appeal to one of the Appellate Courts, see Smith v. Dauel, 29 Ill. App. 290, Kimball v. Doggett, 62 Ill. App. 525, and West Chicago Park Commissioners v. Kincade, 64 Ill. App. 113.

The case was an attachment commenced before a justice by Jennie Moore against the appellee, the appellant being summoned as garnishee upon alleged indebtedness to the appellee. He had been in the service of the appellant as a motorman (electric car), and if there was no valid set-off the appellant owed him $35.35 for unpaid wages.

The appellant claimed that he negligently ran his car against another in front, and that the damages to the cars by the collision were $73.42.

The statute, Ch. 52, S. 13, is:

"Every garnishee shall be allowed to retain or deduct out of the property, effects or credits in his hands all demands against the plaintiff and all demands against the defendant of which he could have availed himself if he had not been summoned as garnishee, * * * and he shall be liable for the balance only after all mutual demands between himself and plaintiff and defendant are adjusted, not including unliquidated damages for wrongs and injuries."

That statute is no more than the law was before it was passed. An attaching creditor was never, in this State (with some statutory exceptions), allowed to recover from a garnishee what the debtor could not himself recover. Chatroop v. Borgard, 40 Ill. App. 279.

The last eight words of the section mean only that the same rule which has always been applied to section 30 of the practice act shall apply to garnishment. Edwards v. Todd, 1 Scam. 462; Hawks v. Laads, 3 Gilm. 227.

Now, "in an action for wages, defendant may set off damages occasioned him by negligence of the plaintiff in his employment, and may have judgment for any balance due him." 14 Am. & Eng. Ency. of Law, 782; McEwen v. Kerfoot, 37 Ill. 530; Lake Superior, etc. v. Clapp, 50 Ill. App. 301; Hartshorn v. Kinsman, 16 Ill. App. 555.

We lay out of the case, as being no more than the law implies, that the appellee, in a written contract with the appellant, had authorized the taking out of his "pay any damages for injury caused by " his carelessness.

The fact that damages are unliquidated is no obstacle to

setting them off when they accrue out of the same subject-matter as the demand against which they are offered.    The case cited from 16 Ill. App. is very full to that proposition.

The appellant offered two propositions of law, both of which being refused, it excepted.    One contains the gist of both, and is as follows:

' 1.    The South Chicago City Railway Company, garnishee in this proceeding, is entitled to set off against any sums that may be due from it to said workman, for wages as a motorman in its employ, any sums due from said workman to it at the time he left its employ, because of damage to property of said South Chicago City Railway Company, caused by his negligence in the operation of his car."

That refusal was error.

Had the court acted upon the doctrine thus expressed, the finding, instead of being against the appellant, might have been for it.

The judgment is reversed and the cause remanded.