Scudder-Gale Grocer Co. v. Russell.

---

## Scudder-Gale Grocer Co. v. Charles R. Russell and Stewart L. Russell.

1. SET-OFF—*Unliquidated Damages.*—Damages, although unliquidated, if occasioned by a breach of the contract sued on, may be set off, and a recovery of a judgment had for the excess, if any.

Assumpsit, goods sold, etc. Appeal from the Circuit Court of Wabash County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

MUNDY & ORGAN, attorneys for appellant.

BELL & RISLEY, attorneys for appellees.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellant's traveling salesman sold to appellees two cases of coffee and twenty gross of fruit jars, the coffee to be de-

livered immediately, and the fruit jars within about one month. The evidence shows that fruit jars, which are made of glass, are more costly than fruit cans, which are made of tin. The salesman, in taking the order, quoted the price of fruit cans, instead of fruit jars, but he sold fruit jars, and appellant is bound by the contract. The circumstances of the transaction, as well as former dealings between the parties, justified appellees in assuming that the salesman had authority to bind his principal as to the price of goods sold.

Appellant sued for the price of the coffee, which had been delivered, and appellees sought to set off the damages which they had sustained by reason of the non-delivery of the fruit jars. Inasmuch as these damages, though unliquidated, were occasioned by a breach of the contract sued upon, the right of set-off, and therefore of a recovery by the appellees of the excess due them, seems to be unquestionable. Edwards v. Todd, 1 Scam. 462; Nichols v. Ruckells, 3 Id. 298; Hawk v. Land, 3 Gilm. 227; De Forest v. Oder, 42 Ill. 500; Hartshorn v. Kinsman, 16 Bradw. 555; Weaver v. Penny, 17 Id. 628.

It is said, however, that the plea of set-off is in the nature of a plea of recoupment, under which no recovery of an excess by a defendant is permissible. The judgment in favor of appellees was for $25.65. The plea of set-off pleads the contract and the breach of it, and alleges that the appellees have been damaged thereby to the amount of $200. It is true that the plea concludes with an offer to set off the damages against the amount sued for, or to allow the amount sued for out of the damages. But even if this offer might have the effect of limiting the plea of set-off and converting it into one of recoupment, which we do not concede, the question was not raised in the court below, and is not before us for consideration. The case was tried by the court without a jury. There is but one exception in the record, and that is a general exception to the judgment. The objection urged against the sufficiency of the plea as a plea of set-off could have been easily obviated by an amendment, and should have been specifically raised in the Circuit Court.

The judgment is affirmed.