## Sandow Motor Truck Company, Appellant, v. W. M. Brown, Appellee.

### Gen. No. 24,579.

1. SET-OFF AND RECOUPMENT, § 10*—*when claim for unliquidated damages may be interposed by way of set-off.* A claim for unliquidated damages may be interposed by way of set-off where it arises out of the same subject-matter as the plaintiff's claim.

2. SALES, § 404*—*what is measure of damages for breach of warranty.* The measure of damages for a breach of warranty in the case of the sale of a warranted article is the difference between the value of the article as warranted and its actual value in its alleged defective condition.

3. SALES, § 315*—*what is effect in suit for purchase price of defending on ground of breach of warranty.* Where a purchaser of a warranted article defends a suit for the purchase price on the ground of a breach of warranty, the proof being that the article was defective and worth less than it would have been if as warranted, defendant may urge the breach of warranty in mitigation of plaintiff's claim but can recover over nothing in the way of damages as against plaintiff.

4. SALES, § 404*—*what is measure of damages for breach of warranty recoverable on plea of set-off, in action for balance due on the purchase.* Where a purchaser of a warranted article is sued for the balance due on the purchase price, he may not only urge the breach of warranty in mitigation of plaintiff's claim, but may recover over against the plaintiff, under a plea of set-off, such difference as may be proven between his damages and the amount remaining due on the purchase price, but in no case can he recover any sum greater than the purchase price.

Appeal from the Municipal Court of Chicago; the Hon. HOWARD W. HAYES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed December 3, 1919.

BLUM, WOLFSOHN & BLUM, for appellant.

WILLIAM R. BULLION, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The plaintiff company brought an action in contract to recover the balance claimed to be due on the sale of a truck to the defendant. The plaintiff also brought an action in replevin to recover possession of the truck. In the contract action the defendant filed an affidavit of merits setting up a breach of warranty and he also filed a claim for set-off, claiming damages in the sum of $500 because of the breach of warranty. By agreement the cases were consolidated and tried before the court and a jury. In the replevin suit the court directed a verdict for the defendant. In the contract suit the jury returned a verdict in favor of the defendant, on his set-off, for $100 and the court entered judgment on the verdict.

The only contention made in support of this appeal is that defendant's set-off "was in reality a recoupment," and that consequently there could be no judgment for defendant, but the recoupment, if sustained, could only go to defeat the plaintiff's claim. The plaintiff contends that the defendant in an action of this kind can only set up a claim by way of set-off where such claim is for a liquidated amount, but that an unliquidated claim may be the subject of recoupment. The plaintiff contends further that in the case at bar the defendant presented a claim which was unliquidated and that it necessarily follows that it was not a claim in set-off but one in recoupment. This contention is unsound. A claim for unliquidated damages may be interposed by way of set-off where it arises out of the same subject-matter as the plaintiff's claim. As was said by our Supreme Court in *Sanger v. Fincher*, 27 Ill. 346, citing other cases: "Our statute * * * has not limited the right (to a set-off) to liquidated claims or demands. * * * That the claim or demand should relate to the transaction out of which

the controversy has grown, where the damages are unliquidated, seems to be the construction placed upon the act. * * * Unliquidated damages arising out of the same transaction, may be set off under the statute." To the same effect is *Hartshorn v. Kinsman,* 16 Ill. App. 555; *Weaver v. Penny,* 17 Ill. App. 628; *South Chicago City Ry. Co. v. Workman,* 64 Ill. App. 383; *Holmes v. McKennan,* 120 Ill. App. 320. In the latter case many of the authorities on this subject are referred to and reviewed. That the claim of set-off interposed by the defendant arises out of the same subject-matter as the claim of the plaintiff, on which the suit was brought, admits of no doubt.

The plaintiff further contends that, when an action is brought for the purchase price of a chattel and the vendee claims that there was a breach of warranty of said chattel on the part of the vendor, the vendee may set off or recoup the damages sustained by him because of the breach of such warranty to the extent of reducing or entirely defeating the vendor's claim, but no judgment may be rendered in such suit against the vendor for any amount in excess of his claim. This is a correct statement of the law. 1 Chitty on Contracts, p. 652; *C. W. Dooley & Co. v. Hasenwinkle Grain Co.,* 120 Ill. App. 43. But it has no application to the facts involved in the case at bar.

The general rule is that the measure of damages for a breach of warranty, in the case of the sale of a warranted article, is the difference between the value of the article as warranted and its actual value in its alleged defective condition. *Gifford-Wood Co. v. Western Fuel Co.,* 209 Ill. App. 357, and cases there cited. Applying this rule to a case where a purchaser of such an article defends a suit for the purchase price, on the ground of a breach of warranty, the proof being that the article was defective and worth less than it would have been if in its warranted condition, we have

the rule contended for by the plaintiff, namely, that the defendant may urge the breach of warranty in mitigation of plaintiff's claim but can recover over nothing in the way of damages as against the plaintiff. But, where the defendant has paid a part of the purchase price and the plaintiff sues him for the balance due (which is the situation in the case at bar), the application of the general rule brings us to the conclusion that the defendant may not only urge the breach of warranty in mitigation of the plaintiff's claim, but may recover over against the plaintiff, under a plea of set-off, such difference as may be proven between his damages and the amount remaining due on the purchase price, but, in no case can he recover any sum greater than the purchase price. In *Babcock v. Trice*, 18 Ill. 420, the court said that the defendant "might, in his plea of set-off, have set up the special contract and breach of the warranty; and, if he had done so, and it appeared that his damages exceeded the amount unpaid on the purchase of the corn, he could have recovered the difference under his plea." The judgment recovered by the defendant in the case at bar was within the rule as stated.

There being no error in the record the judgment is affirmed.

*Affirmed.*