Theresa GRIMM, Individually, and as Trustee for Katherine Grimm, et al., Plaintiffs,

v.

WHITNEY–FIDALGO SEAFOODS, INC., et al., Defendants.

No. 73 Civ. 1304–CLB.

United States District Court, S. D. New York.

Jan. 11, 1974.

Rabin & Silverman, New York City, for plaintiffs.

White & Case, New York City, for Whitney-Fidalgo Seafoods, Inc. and individual defendants.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for Shearson Hammill & Co., Inc. and Russ & Co. Inc.

Cravath, Swaine & Moore, New York City, for Price Waterhouse & Co.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Plaintiffs brought this action against an issuer of securities, and others, including Price Waterhouse & Co. ("Price") a firm of certified public accountants, to recover damages sustained as a result of various claimed violations of the securities laws.

On December 4, 1973 we granted by Memorandum and Order, the motion of the single defendant Price to dismiss the complaint solely as to it. The motion was treated as for summary judgment. Largely through inadvertence, the Court did not, in its December 4, 1973 memorandum, make the express finding contemplated by Rule 54(b), F.R.Civ.P., that there is no just reason for delay, and expressly directing entry of a final judgment, although such a finding may well be implicit in the memorandum.

Thereafter, the Clerk, relying on Rule 58, F.R.Civ.P. on December 5, 1973, entered a purported Final Judgment in favor of defendant Price. On December 13, 1973, Price presented the Court with a proposed Order of Final Judgment in accordance with the terms of Rule 54(b), F.R.Civ.P. Thereafter, plaintiff, by letter dated December 27, 1973, objected to the making of a Rule 54(b) direction for entry of final judgment.

The submission of Price's proposed order is treated by the Court as a motion pursuant to Rule 59, F.R.Civ.P., to alter or amend the judgment entered December 5, 1973, so as to make the express finding and direction contemplated by Rule 54(b).

■ As amended in 1961, Rule 54(b) was designed to grant the district judge power to enter a final judgment against less than all the parties in an action involving multiple parties only as a matter of discretion. 6 J. Moore, Federal Practice, ¶ 54.27[2.–3], at 329 (2d ed. 1948). The policy underlying the Rule does not favor the entry of judgment "as a courtesy or accommodation to [appellant's] counsel." Panichella v. Pennsylvania R.R. Co., 252 F.2d 452, 455 (3d Cir. 1958).

"The power which the Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule." [Luckenbach Steamship Co. v. H. Muehlstein, 280 F.2d 755, 758 (2d Cir. 1960) (quoting Panichella v. Pennsylvania R.R. Co., *supra*.)]

More recently, the Second Circuit has stated:

"Before the trial judge may make a finding of finality . . . the words of Rule 54(b) require that there . . . must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal.

In certifying questions for appeal under Rule 54(b), the district court acts as the 'dispatcher' in determining when each final decision is ready for appeal." [Campbell v. Westmoreland Farm Inc., 403 F.2d 939, 942 (2d Cir. 1968).]

The instant case is somewhat unusual in that the plaintiff [unsuccessful party and purported appellant] opposes the grant of finality and hence appealability. In this case the claims which have been asserted against Price could have been enforced in an entirely separate lawsuit. Indeed, for reasons of venue, this might have been essential. The liability of Price is not vicarious, but direct, arising only from its own actions or omissions, rather than that of the joined codefendants. The liability of Price is not dependent on the outcome of the case against any of the remaining co-defendants. It is just as if two separate lawsuits had been brought—and seems unfair to withhold finality as to Price while plaintiffs pursue their claims against the other alleged malefactors.

The delay ·thereby created might result in the death of defense witnesses, the loss or routine destruction of documents and diminished recollection of persons concerned. Potential liability of a contingent nature remains outstanding, while the litigation proceeds under the direction of others.

At the end, there is the fearsome possibility that after a final judgment, fol-

lowing a trial, all remaining parties will appeal, at some future date, and then, perhaps a year or two later, plaintiff will bring up the December 4, 1973 order for review, and if it be then reversed, as improvidently granted, Price will be re-introduced to stale litigation.

Plaintiffs recognize that as buyers of securities, they may only be made whole once. Success against the others may make their claim against Price academic. The prejudice caused Price by delayed finality seems however to outweigh any prejudice to plaintiffs.

Nor is it any answer to urge that the extent of the delay is insubstantial. The action was begun March 29, 1973. While the Court, by reason of recent calendar reforms could try the main case within the next two months if it were ready, the fact remains that whether or not the litigation is to be maintained as a class action remains undetermined, and all counsel have indicated to the Court a need for pre-trial discovery so extensive as to militate against a prompt trial and to threaten extensive delay likely to prejudice Price.

After extended oral and written argument we concluded that "plaintiff has no valid claim against Price. Plaintiff has not shown the existence of material facts of a substantial nature." Memorandum and Order filed December 4, 1973, p. 15. On the record before us we found that plaintiff had not established any basis to justify deferring the motion for summary judgment pending further pre-trial discovery of defendant Price. Contrary to plaintiff's assertion, our decision granting summary judgment can be reviewed on appeal without delay on the basis of the present record.

 The cases, *Luckenbach* and *Campbell*, quoted before, and relied upon by plaintiff in opposing the entry of final judgment pursuant to Rule 54(b), stand for the proposition that the entry of a Rule 54(b) order will be carefully scrutinized on appeal, but they do not establish that a Rule 54(b) *judgment* may not or should not be entered in a case such as this. *Luckenbach* and *Campbell* each involved actions in which an opinion concerning the order entered below would clearly have been advisory, or otherwise an inefficient application of valuable judicial resources. Each case lacks the factors which we find controlling here. By contrast in Gold v. DCL, Inc. (S.D.N.Y., June 29, 1973), considered and discussed in our December 4, 1973 memorandum, and viewed as factually indistinguishable, Judge Frankel of this Court made a finding that there was no just cause for delay.

After due consideration, we now determine, expressly, pursuant to Rule 54(b), F.R.Civ.P., that there is no just reason for delay, and confirm our prior direction for entry of a final judgment in favor of defendant Price Waterhouse & Co. as heretofore done by our Clerk on December 5, 1973.

Pursuant to Rule 4(a), F.R.App.P., this order requires that the full time for filing a notice of appeal is to be computed from the date of entry of this Memorandum and Order.

So ordered.