### Melanie TARKA, Plaintiff,

v.

### The TIME INC. MAGAZINE COMPANY, Landon Jones, Sukey Rosenbaum, Katharine Drake, James Tierney, Harry Johnston, Phillip Kasofsky, Lynda Parker, Two Unknown Named Lawyers From the Firm of Berger & Steingut, Frank Swiderski, John Bane, Linda Devereaux, Court Officer No. 3896, Michael Wolfe, Sharon Flood, and Joseph Torres, Defendants.

### No. 90 Civ. 5348 (WK).

United States District Court,
S.D. New York.

May 1, 1991.

Melanie Tarka, pro se.

Sharon Flood, pro se.

Steven A. Berger, Berger & Steingut, New York City, for defendants Time Inc., Landon Jones, Sukey Rosenbaum, Katharine Drake, James Tierney, Harry Johnston, Phillip Kasofsky, Lynda Parker, and Two Unknown Named Lawyers from the Firm of Berger & Steingut.

Lisa S.J. Yee, Law Dept. of the City of New York, New York City, for defendants Frank Swiderski and John Bane.

Carolyn Cairns Olson, John J. Sullivan, New York State Dept. of Law, New York City, for defendants Linda Devereaux and Court Officer No. 3896.

Peter I. Livingston, Ross & Hardies, New York City, for defendant Joseph Torres.

**604**

OPINION AND ORDER

WHITMAN KNAPP, Senior District Judge.

By motion filed February 14, 1991 plaintiff moved for reconsideration of our January 10 order dismissing this action as against defendant Sharon Flood ("Flood") or, in the alternative, for an order pursuant to Fed.R.Civ.P. 54(b) for the entry of a final judgment with respect to this claim. By order dated February 26 we denied plaintiff's motion for reconsideration. For the reasons that follow, plaintiff's Rule 54(b) motion is also denied.

At a pre-trial conference on April 29, defendant Joseph Torres informed us that he will move to have the instant complaint dismissed on various grounds, including the assertion that plaintiff can not demonstrate that he, a legal aid attorney, is a "state actor" for § 1983 purposes.

Whereas plaintiff's claims against defendant Torres are similar in nature to the claims asserted against Flood, and whereas defendant Torres' motion to dismiss will appear to involve application of the same legal principles which were determinative of our January 10 decision, we find that granting plaintiff's Rule 54(b) motion might produce duplicative appellate efforts, contrary to the interest of sound judicial administration. *See Curtiss–Wright Corp. v. General Electric Co.* (1980) 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (court should act "to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals'" (citation omitted)); *Schieffelin & Co. v. Valley Liquors, Inc.* (7th Cir.1987) 823 F.2d 1064. In addition, we can perceive of no undue hardship which will accrue to plaintiff from delaying the entry of final judgement with respect to her claims against defendant Flood. *See Cullen v. Margiotta* (2d Cir.1980) 618 F.2d 226 ("The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' ... Certification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal'" (citations omitted)); *cf.*

*Grimm v. Whitney–Fidalgo Seafoods, Inc.* (S.D.N.Y.1974) 61 F.R.D. 310 ("The policy underlying the Rule does not favor the entry of judgment 'as a courtesy or accommodation to counsel'" (citation omitted)).

Accordingly, in the exercise of our discretion, we decline to enter final judgment on the claims against Flood.

SO ORDERED.