## Charles J. McGuire, Plaintiff in Error, v. James T. Bransfield, Defendant in Error.

### Gen. No. 14,352.

1. MUNICIPAL COURT—*what questions arising in, not subject to review.* Questions of practice arising in the Municipal Court, by virtue of statute are not subject to review in the Appellate Court.

2. MUNICIPAL COURT—*what does not exclude right to file set-off.* The failure to interpose a set-off at the time of entering appearance does not bar the right of the Municipal Court to permit a subsequent filing.

3. CONTRACTS—*what justifies refusal to pay.* Abandonment of work under a contract before a default has been made by the other party justifies his refusal to pay.

4. SET-OFF—*remedy by way of.* In an action brought to recover a sum stipulated to be paid by a contract, the defendant may interpose by way of set-off a claim for damages for breach of such contract and if such damages exceed the amount of the plaintiff's claim a judgment for the excess may be rendered.

Assumpsit. Error to Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed March 22, 1909.

RICHARD E. BURKE, for plaintiff in error.

EDWARD R. LITZINGER, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The judgment which it is sought to reverse by this writ of error was rendered by the Municipal Court of Chicago on January 15, 1908. It was rendered by the court sitting without a jury, a jury having been waived. The plaintiff, McGuire, had sued the defendant, Bransfield, for certain excavating which the plaintiff had done for the defendant under a contract with him, and for certain small items of rent and damage for a tent and the use of lumber. The claim was named at $1,000, a few dollars being rebated from it to make it a case of the fourth class.

The suit was brought December 19, 1907, the writ being made returnable on December 24, 1907. The defendant, Bransfield, filed his appearance on December 23, 1907, and on January 8, 1908, asked, and on January 11, 1908, obtained, over plaintiff's objection, leave to file a claim in set-off, as follows:

"For loss sustained by Bransfield by reason of the failure on the part of McGuire to carry out contract, $699.09".

January 15, 1908, the case was tried and the judgment rendered. The judgment was in favor of the defendant, against the plaintiff, and awarded defendant on his claim of set-off $202.41.

The first point made by the plaintiff below and plaintiff in error here, is that the judgment is erroneous because the claim or plea of set-off was improperly filed, the order allowing it being erroneous. This is assigned for error, but we doubt very much whether the plaintiff had the right to assign it or we have the right to consider it.

The language of the Municipal Court Act applicable to fourth class cases (section 23, paragraph 8) is:

"No assignment of error in the Supreme Court or in the Appellate Court in any such case shall be allowed which shall call in question the decision of such Municipal Court in respect to any matter pertaining to the practice in such Court".

The plaintiff argues that it is against the direct language of the Municipal Court Act to allow the defendant to file a statement of set-off or counter-claim unless he files with it his appearance or gets a formal order when he appears extending the time to file it.

The language on which he relies is this:

"In case the defendant shall desire upon the trial to present any set-off or counter-claim, he shall file a statement thereof, with his appearance; provided, however, the court may, in its discretion, extend the time for filing such statements."

We think the question whether this provision of the

Act allows the Municipal Court to ''extend the time for filing a statement'' by an order subsequent to the appearance of the defendant, is a ''matter pertaining to the practice'' in that court, of which it is made the sole judge. But if this be not so, it makes no difference in this case, for we think the Municipal Court holds correctly in holding that such an order is allowable.

· Of the merits of the case very little is said in the argument of either party.

It appears to be conceded that the plaintiff abandoned the work under the contract he had with the defendant, unjustifiably, although in the somewhat unsatisfactory ''Statement of Evidence'', filed in the cause, from which we are obliged to learn the facts, he is shown to have testified that he was ''compelled to stop his work by hard and incessant rains''.

It also appears by the contract that the plaintiff was to excavate approximately 5,000 cubic yards, at forty-five cents per yard, and to finish it by October 1, 1907. He actually left the work September 26th, and did not signify any willingness to return on any condition until October 8th, which was a week after the whole contract was to have been finished, but then said he was willing to go on if he could have a payment with which to pay his men. He claimed then, as we understand it, that the defendant owed him and had owed him since October 1st, between five and six hundred dollars, under the clause of the contract that payments were to be made semi-monthly from date of the beginning of the work, according to estimates given by the Illinois Tunnel Company's engineers, less ten per cent. to be reserved until the completion of the contract.

If the defendant had committed the first breach of the contract by refusing to pay what was due when it was due, the plaintiff would be excused from going on, but in this case the first semi-monthly payment seems to have been made according to the contract, and then the plaintiff abandoned the contract, unjus-

tifiably, before another payment became due, and within four days of the time when its completion was required by its terms. Its completion, moreover, was required by its terms at the same time that the second semi-monthly payment was due. Therefore, the second payment was to be the final one, and the defendant was justified in refusing to pay until the contract was completed.

The only point argued by the plaintiff on the merits is that he is entitled to compensation for all the excavation that he did, notwithstanding the breach of his contract, because by it all he conferred a benefit on the defendant.

This needs no discussion for the reason that under the judgment rendered, it appears that the plaintiff received the benefit of all the excavation he had made. As we have said, the statement of evidence is unsatisfactory, but all we can make of it is that the "approximate" 5,000 cubic yards of excavation to be made proved in fact, under the construction given to the contract by both parties, 6,196 cubic yards; that of this amount McGuire excavated 2,884 cubic yards and Bransfield himself 3,312 yards; that these 3,312 yards cost Bransfield $2,476.61 to dig; that this was at the rate of about seventy-five cents a yard; that this was thirty cents a yard more than the contract price, and as it must be presumed, as the record stands in the absence of any suggestion to the contrary, that this was in good faith the measure of his damage, and that he could not complete the contract for less money, his damages must have been, for the failure of McGuire to complete his contract, about $1,000—more exactly, according to the figures given—$986.21.

McGuire excavated 2,883 cubic yards, which at forty-five cents a yard, the contract price, would amount to $1,297.35. He had been paid $600 and $697.35 would remain due him. Off-setting $697.35 against $986.21 leaves $288.41. The court apparently awarded this amount, less the damage to tent and

loss of lumber claimed by plaintiff. It will thus be seen that the plaintiff received full credit at the contract price for all his work done. Had he not, the judgment against him would have been $697.35 more, or $899.76, instead of $202.41.

That the damages to the defendant for the breach of the contract could be properly set up in this action as a set-off and a judgment given him for the excess over the plaintiff's claim is clear. See Weaver v. Penny, 17 Ill. App. 628, and Scudder-Gale Grocer Co. v. Russell, 65 Ill. App. 281, and the cases therein cited.

The judgment of the Municipal Court is affirmed.

*Affirmed.*