266 F.2d 540
 OMARK INDUSTRIES, INC., Plaintiff-Appellee
v.
LUBANKO TOOL COMPANY, Inc., Defendant-Appellant,
Maurice E. Fitzgerald, Paul Fessel, Russell Crichton, Di-Rock Corporation and Joseph Davis, Additional Defendants on Counterclaims.
 No. 226.
 Docket 25320.
 United States Court of Appeals Second Circuit.
 Argued March 12, 1959.
 Decided May 14, 1959.
 
 Charles Haydon, New York City (Dublirer & Haydon, New York City, on the brief), for defendant-appellant.
 Alfred C. Turino, New York City, for plaintiff-appellee.
 Before WASHINGTON, WATERMAN and MOORE, Circuit Judges.
 MOORE, Circuit Judge.
 
 
 1
 Omark Industries, Inc., plaintiff-appellee, commenced this action to recover for goods sold and delivered and upon an account for the same. The defendant, Lubanko Tool Company, Inc., was a dealer in the New York area selling the products of plaintiff, a manufacturer of power tools and accessories for the construction industry. The parties entered into a franchise agreement on May 15, 1957. The purchase orders pursuant to which Omark shipped the goods in question are dated October 1957 through February 1958.
 
 
 2
 Lubanko answered by a general denial and alleged breach of the franchise agreement as an affirmative defense, together with several counterclaims against plaintiff and five additional defendants.
 
 
 3
 Judge Bruchhausen granted Omark's motion for summary judgment on its claim for $11,200.49, the amount demanded in the complaint. In his opinion he decided that there was no genuine issue as to any material fact alleged in the complaint, and that proof of breach of the franchise agreement as alleged by defendant in its answer would not establish the breach of a condition precedent to plaintiff's claim so as to give rise to an affirmative defense.
 
 
 4
 On appeal Lubanko argues: (1) that the suit was brought to enforce its promise to pay for goods, which promise is part of the franchise agreement and that because it has alleged breach of that agreement by Omark, summary judgment was not proper; (2) that the mutual promises of the parties to the agreement are dependent and that Omark may not enforce a contract the conditions of which it has violated; and (3) that counterclaims for damages in excess of plaintiff's demand, asserted for breach of the very contract upon which plaintiff sues, will defeat plaintiff's motion for summary judgment.
 
 
 5
 The basic flaw in Lubanko's argument is its assumption that Omark is suing on the franchise agreement. Actually, the agreement is not referred to in the complaint. Plaintiff relies on the purchase orders and invoices to establish its claim, and defendant does not plead any affirmative defense based on those documents. The granting of summary judgment was proper. Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A.
 
 
 6
 To protect Lubanko, however, the execution of the judgment will be stayed conditionally until the determination of the counterclaims. Rule 62(h), Federal Rules of Civil Procedure.
 
 
 7
 The judgment appealed from is affirmed and the case remanded with directions to the district court to stay the execution of the judgment upon the filing of a bond by Lubanko in favor of plaintiff to secure the payment of the judgment appealed from at the conclusion of the case, except as payment may be affected by any judgment against plaintiff on the counterclaims and that trial of the issues presented by the counterclaims proceed with all convenient expedition.