GLOBE SECURITY SYSTEMS,
INC., Plaintiff,

v.

Neal PERCUDANI and Margaret
Percudani, Defendants.

GLOBE SECURITY SYSTEMS,
INC., Plaintiff,

v.

Howard BLUESTEIN and Olive
Bluestein, Defendants.

Nos. 75 C 1773, 75 C 1774.

United States District Court,
E. D. New York.

Jan. 17, 1977.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiff, by Paul A. Alexis, New York City.

Feldesman & D'Atri, New York City, for defendants, by Stuart B. Newman, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff has moved for summary judgment in these related diversity actions to recover the principal and interest due on non-negotiable promissory notes made by defendants. The facts of the two cases are virtually identical.

Plaintiff Globe Security Systems, Inc. ("Globe") is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. Defendant married couples are New York citizens and the two husbands are private investigators specializing in investigating and adjusting insurance claims.

Defendants Percudani and Bluestein have been associated as private investigators for nearly 25 years. In 1969 they were joined in business by a third individual, Nathan Horowitz, and the three established a new corporate entity, in which they shared equally, called Consulta-Search Corp. ("Consulta-Search").

In 1970, by a registered public offering of common stock, Consulta-Search became a publicly-held corporation with the three principals retaining approximately 86% of the outstanding stock.

In March 1972, following extensive negotiations, plaintiff acquired this 86% stock interest from the three individuals, and ultimately Consulta-Search became a wholly-owned subsidiary of Globe. The stock purchase agreement provided in essential part that each of the three principals would receive an initial cash consideration of ap-

proximately $300,000 and a right to share in "additional consideration" which would be contingent upon future earnings.

As part of this transaction, the Percudanis and the Bluesteins, in return for loans, executed promissory notes payable to Globe (the "1972 notes").[1] The note executed by the Percudanis was in the amount of $96,000, while the Bluesteins' note was in the amount of $97,000.

In addition, each of the three principals of Consulta-Search were given new employment agreements for terms of approximately 3½ years, with the salary under each agreement fixed at $42,760 per annum. All three employment agreements contained identical language insuring that the three individuals would each have authority to "exercise general direction and control over the operations of the business."

Soon thereafter friction developed between Globe and Horowitz on the one side and Percudani and Bluestein on the other. The dispute was resolved on January 1, 1973 in a memorandum of agreement by which:

(a) The employment agreements of Percudani and Bluestein were terminated as of December 31, 1972, without any compensation therefor.

(b) Percudani and Bluestein each received $42,760 (i. e., an amount equal to one year's salary) in settlement of their rights to the "additional consideration" under the stock purchase agreement.

(c) Each paid this $42,760 back to Globe at the closing in partial satisfaction of the 1972 notes, and on January 5, 1973 Percudani and his wife executed a new promissory note in the amount of $53,240 while Bluestein and his wife executed one in the amount of $54,240. These new promissory notes (the "1973 notes") are the subject of the instant action.

1. Defendants contend that these notes represented not only loans made to them by Globe as part of this transaction but also existing loans previously made to them by Consulta-Search. Plaintiff, on the other hand, alleges that it lent defendants the full amounts at the time of this transaction.

(d) Percudani and Bluestein agreed to a covenant not to compete with Consulta-Search.

(e) Percudani and Bluestein received from Globe and Consulta-Search general releases by which Globe released any and all claims Globe may have had against them with the exception of the 1973 notes.

On March 5, 1973 Globe and Consulta-Search commenced an action in the Supreme Court of the State of New York, County of Nassau, against Percudani and Bluestein, among others. Plaintiffs in that action claim that defendants conspired to destroy the business of Consulta-Search, breached the stock purchase and employment agreements, and violated their agreement not to divert customers and employees from Consulta-Search to their new business. The State court action is still pending.

Meanwhile the 1973 notes came due on October 1, 1975, and Globe demanded full payment. To date, no payments have been made by defendants on these notes. Globe commenced the present action on October 22, 1975 to recover the principal and interest due on the notes. Defendants served their answer and counterclaim on December 1, 1975, and plaintiff filed the present motion for summary judgment on August 2, 1976.

The facts as stated above are uncontested. The law is clear that in the absence of any genuine issue of material fact summary judgment should be granted. *Beal v. Lindsay*, 468 F.2d 287, 291 (2 Cir. 1972). The court, however, is mindful of the dictates of the Second Circuit in *Heyman v. Commerce and Industry Ins. Co.*, 524 F.2d 1317, 1320 (2 Cir. 1975):

"[W]hen the court considers a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in favor of the party against

While this presents a disputed issue of fact, the dispute is not material to this case and thus cannot stand in the way of a motion for summary judgment. See *Applegate v. Top Associates, Inc.*, 425 F.2d 92 (2 Cir. 1970).

whom summary judgment is sought, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute, *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)."

Defendants' major contention is that a material issue of fact concerns whether they were fraudulently induced to enter into the 1973 notes. They allege—and plaintiff does not deny—that the consideration for the 1973 notes consisted not only of the loans but also of the general release and the covenant not to compete. There is no question that these two documents were executed. Nevertheless, defendants charged that Globe signed the documents without intending to abide by them.

■ In support of this allegation, defendants point to the timing of the State court action. But the action in the State court was filed a full two months after the notes, release and covenant were executed. Even if the filing of the State court action were in some way a breach of the release or the covenant, defendants' remedy is a suit for breach of contract rather than a defense of fraud in the present action. Defendants fail to present any evidence of plaintiff's intent not to perform the release or the covenant not to compete. Fraudulent intent not to perform a contract cannot be inferred solely from a showing of non-performance. *Adams v. Clark*, 239 N.Y. 403, 146 N.E. 642 (1925). Defendants have not met the requirement that they "support vague accusation and surmise with concrete particulars." *Applegate v. Top Associates, Inc.*, *supra*, 425 F.2d at 96; see also *Perma Research and Development Co. v. Singer Co.*, 410 F.2d 572 (2 Cir. 1969).

■ Defendants also allege that Horowitz, their erstwhile partner, joined with several officers of Globe in a conspiracy to terminate defendants' employment and to deprive them of their right to the "additional consideration" mentioned above. Such a conspiracy, however, would not constitute a

fraud that would affect the validity of the 1973 notes. In order to allege fraud as an affirmative defense, the fraud must affect the instruments in question. 7 Simpson & Duesenberg, Encyclopedia of New York Law, Contracts § 2118, at 539 (1963). Even accepting defendants' allegation that the consideration for the 1973 notes included the 1972 loans, the general release and the covenant not to compete, the alleged conspiracy did not affect any of this consideration.

The conspiracy allegations also form the basis for defendants' counterclaim in this action. Neither party seeks summary judgment on the counterclaim. Nevertheless, since the issues involved in it are separate from those in plaintiff's claim, the propriety of summary judgment on the latter claim is not affected. *Omark Industries, Inc. v. Lubanko Tool Co.*, 266 F.2d 540 (2 Cir. 1959); *Schroeter v. Ralph Wilson Plastics, Inc.*, 49 F.R.D. 323 (S.D.N.Y.1969); *Petroleo Brasileiro, S.A. v. Ameropan Oil Corp.*, 372 F.Supp. 503 (E.D.N.Y.1974).

Finally, defendants assert that the factual issues to be determined in the pending action in the Supreme Court of the State of New York overlap substantially with the factual issues in this action. A review of the pleadings in the State court action, however, discloses no mention of the issues involving the 1973 notes. Even if the issues did overlap, plaintiff's claim could be decided in this court. As the Supreme Court stated in *Kline v. Burke Construction Co.*, 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922):

"Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res judicata* by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case."

See generally 1A Moore's Federal Practice ¶ 0.221 (1974).

Accordingly, plaintiff's motions for summary judgment are granted. Plaintiff is awarded recovery of the sum of $59,062.85 as against defendants Neal and Margaret Percudani, together with interest thereon from October 1, 1975, and recovery of the sum of $60,172.22 as against defendants Howard and Olive Bluestein, together with interest thereon from October 1, 1975.

There being no just reason for delay, the Clerk is directed, pursuant to Rule 54(b), F.R.Civ.P., to enter final judgment on the plaintiff's cause of action in each of these cases. The form of the judgment is to be settled by the parties upon due notice. Each action shall continue as to defendants' counterclaim, which is hereby deemed severed for purposes of further proceedings herein.

SO ORDERED.