KLEEN LEEN, INC. *v.* ERVIN E. MYLCRAINE

[No. 1-477A78. Filed November 16, 1977.]

*Theodore L. Locke, Jr., Locke, Reynolds, Boyd & Weisell,* of Indianapolis, *Kenneth L. Anderson, Woodward, Hobson & Fulton,* of Louisville, Kentucky, for appellant.

*Lawrence McTurnan, Bredell, Martin, McTurnan & Meyer,* of Indianapolis, for appellee.

ROBERTSON, C.J.—Plaintiff-appellant, Kleen Leen, Inc. (Kleen Leen), appeals from the trial court's granting of a motion for judgment on the pleadings made by defendant-appellee, Ervin E. Mylcraine (Mylcraine).

In May, 1970, Kleen Leen, a division of Purina Foods, entered into a contract with Mylcraine, a farmer, for the lease of gilts and boars for which Mylcraine agreed to pay certain deposits and rentals. The contract provided that Kleen Leen would remain owner of the gilts and boars which were represented as being of "top quality."

After delivery, a dispute arose between the parties over the quality of the swine and unpaid rentals and deposits. A "Mutual Release Agreement" (set out below) was executed in July, 1971. Thereafter, Mylcraine continued to use the leased breeding stock, selling the progeny as they became marketable. Mylcraine made rental and deposit payments to Kleen Leen until sometime in 1972. In May, 1974, Kleen Leen filed suit to recover certain payments allegedly due under the 1970 lease and for the proceeds of a sale by Mylcraine of the leased swine. Mylcraine counterclaimed, alleging financial losses because of the poor quality of the animals delivered to him. Each party then pleaded the 1971 release agreement as a defense to the other's claim.

Mylcraine's motion for judgment on the pleadings was treated, pursuant to Ind. Rules of Procedure, Trial Rule 12(C), as a TR. 56 motion for summary judgment when Kleen Leen responded with

an affidavit of one of its employees and statements made by Mylcraine in a deposition taken by Kleen Leen. The deposition of Mylcraine set forth a series of problems he experienced with swine production. The affidavit presented by Kleen Leen recites the history of the transaction and further states facts which indicate there was no intent to release Mylcraine from payments on the contract.

The trial court sustained Mylcraine's motion and found that neither party should take anything by its claim. From the overruling of its motion to correct errors, Kleen Leen appeals, contending the trial court erred in granting summary judgment based on the "Mutual Release Agreement" as there exist genuine issues of material fact.

We reverse and remand.

Central to this appeal is the meaning to be accorded the July, 1971, "Mutual Release Agreement" which reads:

### MUTUAL RELEASE AGREEMENT

This Mutual Release Agreement between KLEEN LEEN, INC., (hereinafter referred to as "CORPORATION") and Ervin E. Mylcraine (hereinafter referred to as "PRODUCER").

WITNESSETH:

WHEREAS, CORPORATION agreed to provide certain Livestock and/or services for PRODUCER in return for PRODUCER'S agreement to make certain payments to CORPORATION, and

WHEREAS, a dispute has arisen between the parties in connection with their arrangement.

NOW, THEREFORE, in consideration of the payment of _____ (*see the terms of the attached adjustment request*) Dollars ($_____) by _____ to _____ receipt of which is hereby acknowledged, and in further consideration of the execution of this Agreement, the parties hereby mutually release, each from the other, from any and all liability, claims demands, actions or causes of action which they may have against each other by reason of or arising from any business

transaction in which they have engaged as of the date of this Agreement.

This Mutual Release shall apply to any liability CORPORATION and PRODUCER may have to each other for any damage, direct or indirect, and either may have suffered, whether or not presently known to them or either of them, or which they or either of them may hereafter suffer by reason of or arising from any business transaction in which they have engaged as of the date if [sic] this Agreement.

It is understood that both parties, their agents, servants and representatives, deny any and all liability to CORPORATION and PRODUCER by reason of or arising from any business transaction in which they have engaged as of the date of this Agreement and that the consideration herein specified to be paid and the execution hereof are in settlement of disputed claims.

The "Adjustment Request" appended to and cited as consideration for "Mutual Release Agreement" had the effect of postponing delivery dates of groups of the swine, such dates being critical to the determination of due dates of rental and security deposit payments under the 1970 contract.

Kleen Leen asserts that the language of the "Adjustment Request" and the conduct of the parties subsequent to the execution of the "Mutual Release Agreement" present genuine issues of material fact which should preclude the granting of summary judgment.

Judge Lybrook stated well the standard of review for a TR. 56 summary judgment when he said in *Union State Bank v. Williams* (1976), 169 Ind. App. 345, 348 N.E.2d 683 at 685:

In such cases, it is well settled that the motion should be sustained only where the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits and testimony reveal that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. *Pallikan v. Mark* (1975), 163 Ind. App. 178, 322 N.E.2d 398. Moreover, in determining whether a genuine issue of material fact exists, the facts set forth by the opponents' affidavits must be taken as true, and any doubt must be resolved

against the proponent of the motion. *Surratt v. Petrol, Inc.* (1974), 160 Ind. App. 479, 312 N.E.2d 487; *Podgorny v. Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640.

The construction of a written contract, though, is a question of law for the trial court, not a question of fact. *Ebert v. Grain Dealers Mutual Insurance Company* (1973), 158 Ind. App. 379, 303 N.E.2d 693. However, if it is the case that reasonable men would find the contract susceptible of more than one construction, then there is ambiguity or uncertainty, and it is then the responsibilty of the trier of fact to ascertain such facts as are necessary to interpret the contract. *Ebert, supra; United States Fidelity and Guaranty Co. v. Baugh* (1970), 146 Ind. App. 583, 257 N.E.2d 699; 6 I.L.E. *Contracts* § 137 (1958).

Thus, whenever summary judgment is granted based upon the construction of a contract, inherently, the trial court has determined, as a matter of law, that the contract is not ambiguous or uncertain.

The essence of the appeal before us then is whether the trial court correctly concluded that the "Mutual Release Agreement" was not ambiguous or uncertain and that its interpretation was therefore not dependent upon the resolution of a question of fact.

Clearly the document entitled "Mutual Release Agreement" standing alone is unambiguous and certain and supports the ruling of the trial court. However, the meaning of a written contract must be ascertained by examination of the entire contract, not by individual portions thereof. *Tastee-Freez Leasing Corp. v. Milwid* (1977), 173 Ind. App. 675, 365 N.E.2d 1388.

In this instance, the "Adjustment Request" was attached to and incorporated by reference into the "Mutual Release Agreement." It therefore became part of the contract and must be taken into consideration for purposes of construing the contract's meaning. *Stockberger v. Zane* (1919), 73 Ind. App. 4, 125 N.E. 65; 17A C.J.S *Contracts* § 299 (1963).

Unfortunately, the incorporation of the "Adjustment Request" into the contract creates disharmony among the contract terms.

On the one hand, the "Mutual Release Agreement" seems to contemplate a complete release of all obligations of both parties regarding business transactions entered prior to the date of the "Mutual Release Agreement." On the other hand, the "Adjustment Request", as the stated consideration for the "Mutual Release Agreement", seems to contemplate the effective continuation of the obligations of the parties under the May, 1970 contract, albeit as modified.

The two parts of the contract, the "Mutual Release Agreement" and the "Adjustment Request", cannot, when taken at face value, be reconciled. Because of this conflict, it is our view that, as a matter of law, the contract is ambiguous and uncertain, that the meaning of the contract is dependent upon questions of fact, not the least being the intent of the parties, and that the trial court erred when it granted the summary judgment.

Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 369 N.E.2d 638.